UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael F. Alexander, | ) | CASE NO. 1:25 CV 2026 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | Memorandum of Opinion and Order |
| Giant Eagle, Inc., et al., | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion to Remand to State Court. (Doc. 5). For the following reasons, the motion is DENIED.

### Facts

Plaintiff Michael F. Alexander, proceeding *pro se,* filed his Complaint in the Lake County Common Pleas Court against defendants Giant Eagle, Inc., Kristine V. Lemke, and Joe and Jane Doe employees. The Complaint alleges that plaintiff entered the Giant Eagle store in Mentor, Ohio on August 22, 2025, to purchase fruit. He selected four watermelons and paid for them at the register, retaining his receipt. After exiting into the store lobby, plaintiff used hand

1

wipes to clean the watermelons. While doing so, plaintiff was approached by a young, white male employee who demanded to see plaintiff's receipt. Plaintiff declined because it was not store policy to check receipts at exit. The employee persisted and plaintiff questioned why he was being singled out while white customers were not. Plaintiff exited the store to the parking lot and loaded his truck. An older, white female employee approached plaintiff's vehicle, appeared to record his license plate, and demanded to see his receipt. Plaintiff again refused and followed this employee back into the store to demand an explanation. The first employee denied sending this employee to the parking lot and stated that receipt checks were voluntary. Plaintiff raised concerns of racial profiling, showed his receipt, and requested a store manager. Store manager Lemke arrived. She failed to provide justification for the profiling and called police when plaintiff stated that he would contact legal counsel. Mentor police officers Adzema and Alvord arrived. Plaintiff explained the incident and refused to provide identification because no crime had been committed. Officer Alvord then conveyed that the female employee stated that she was searching for a $100 bill. Despite acknowledging that no crime had occurred, Officer Alvord stated that plaintiff "would be trespassed from the store." Plaintiff complied under protest and later filed a complaint with Mentor police lieutenant Mike Fuduric regarding Officer Alvord's omissions in the police report. A revised report was issued which contained false claims against plaintiff.

The Complaint sets forth claims for defamation, intentional infliction of emotional distress, negligent supervision and training, racial discrimination under Ohio law, violation of Title II of the Civil Rights Act of 1964, and individual liability against Lemke and the two Doe employees.

2

Plaintiff filed a Motion for Leave to Amend Complaint in the state court. The motion was denied on the basis that plaintiff was entitled to amend his complaint once as a matter of course within 28 days of service and plaintiff "need not seek leave at this point." Plaintiff did not file an amended complaint prior to removal to this Court. The Complaint was removed on the basis of federal question jurisdiction.

This matter is now before the Court upon plaintiff's Motion to Remand to State Court.

**Standard of Review**

"In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c).

**Discussion**

Plaintiff maintains that he has asserted only state law claims and because the Complaint does not invoke any federal law, removal was improper. Defendants maintain that the Complaint does invoke federal law and, therefore, federal jurisdiction exists. For the following reasons, the Court agrees with defendants that remand is not warranted.

Count Five of the Complaint alleges a violation of Title II of the Civil Rights Act of 1964 (42 U.S.C. 2000a) on the basis that defendants "denied plaintiff the full and equal enjoyment of public accommodations based on race." (Doc. 1 at 3). Therefore, removal was proper on the basis

3

of federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff maintains that he has "taken clear and timely steps to remove" the reference to federal law and proceed solely under Ohio law, and that the inclusion of the federal statute in the Complaint was "inadvertent and immaterial to the core claims." (Doc. 8 at 1). In particular, plaintiff asserts that he filed the Motion for Leave to Amend Complaint in the state court prior to removal and that the proposed amended complaint removed the federal claim. Plaintiff's assertions are not persuasive.

Plaintiff never filed the amended complaint prior to removal and, therefore, the federal claim remains active. Moreover, even if this Court could consider plaintiff's "intentions," his Motion for Leave to Amend Complaint states, "Plaintiff seeks to amend the complaint solely to correct the address of Defendant Giant Eagle, Inc... This amendment is necessary to ensure proper service of process upon the corporate defendant." The motion further states, "This amendment does not alter the substance of the claims or the factual allegations contained in the original complaint. It is submitted solely to ensure accurate and lawful service upon the named corporate defendant." (Exhibit to Notice of Removal). Thus, plaintiff did not indicate that he intended to remove the federal claim. The proposed amended complaint identifies one claim for relief: "Defendants' conduct constitutes unlawful discrimination in a place of public accommodation." (*Id.*). Plaintiff only states elsewhere in the proposed amended complaint that jurisdiction arises under Ohio law and that he was treated differently based on race in violation of Ohio Revised Code §4112. Regardless, plaintiff did not amend the Complaint prior to removal and the operative Complaint is the one filed in state court.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand to State Court is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court

Dated: 11/4/25